AO 91 (Rev. 11/11)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of California

**FILED**

Nov 06, 2023

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Tracy Renee Valley | ) | Case No.   1:23-mj-00132-SKO |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____November 4,2023_____ in the county of _____Mariposa_____ in the
_____Eastern_____ District of _____California_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 2261 | Interstate domestic violence |
| | Maximum Penalty: 5 years imprisonment, $250,000 fine |
| | 3 years supervised release, $100 special assessment |
| 18 USC 113(a)(5) | Assault |
| 36 CFR 2.31(a)(3) | Trespass and vandalism |
| 36 CFR 2.35(c) | Public intoxication |
| | Maximum penalty for each misdemeanor: 6 months imprisonment |
| | $5000 fine, 5 years probation, $10 special assessment |

This criminal complaint is based on these facts:

See affidavit attached hereto and incorporated by reference.

☑ Continued on the attached sheet.

*/s/ Nicholas Sullens*
_____
*Complainant's signature*

Nick Sullens, US Park Ranger
_____
*Printed name and title*

Sworn to me in accordance with Fed.R.Crim.P. 4.1.

Date:   ____11/6/23____

*Sheila K. Oberto*
_____
*Judge's signature*

City and state:   _____Fresno, Calif._____

Hon. Sheila K. Oberto , U.S. Magistrate Judge
_____
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT
## BACKGROUND OF AFFIANT

1. I, Nicholas Patrick Sullens, further state, I am a Law Enforcement Officer ("Officer"), employed by the National Park Service ("NPS"). I have been a U.S. Park Ranger since May 2021. I attended NPS Seasonal Law Enforcement Academy in Franklin, North Carolina. I have received training on investigations involving domestic violence on NPS administered public lands. I have investigated domestic violence incidents approximately five times. I have a Bachelor of Arts degree from the University of California Santa Barbara in Environmental Science. I am a certified National Park Service Advanced Emergency Medical Technician.

2. The facts of this criminal complaint are based on my personal observations, on my training and experience, as well as my consultation with other LEOs. This affidavit is intended to show merely that there is sufficient probable cause for the criminal complaint and does not set forth all my knowledge about this matter.

## JURISDICTION

3. The facts set forth in this criminal complaint occurred on November 4th, 2023, within the geographic boundaries of Yosemite National Park, California. Yosemite National Park is an area of federally owned public land administered by the NPS. Yosemite National Park is an area of the special maritime and territorial jurisdiction of the United States as defined by Title 18 U.S.C. § 7 (3): "Special maritime and territorial jurisdiction of the United States defined" and by Title 16 U.S.C. § 57: "Yosemite and Sequoia National Parks; exclusive jurisdiction of United States."

4. Yosemite National Park is located within Mariposa, Madera, Mono and Tuolumne Counties, all of which are located within the Eastern District of California.

## CHARGES

5. Based upon the facts set forth in this criminal complaint, I believe probable cause existed to believe that Tracy Renee Valley ("Valley") violated the following laws of the United States on November 4, 2023, within Yosemite National Park:

   A. *18 USC 2261 Interstate Domestic Violence (1):*

   *TRAVEL OR CONDUCT OF OFFENDER. A person who travels in interstate or foreign commerce or enters or leaves Indian country or is present within the special maritime and territorial jurisdiction of the United States with the intent to kill, injure, harass, or intimidate a spouse, intimate partner, or dating partner, and who, in the course of or as a result of such travel or presence, commits or attempts to commit a crime of violence against that spouse, intimate partner, or dating partner, shall be punished as provided in subsection (b).*

   B. *18 U.S. Code § 113(a) (5):*

   *Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows: Simple assault, by a fine under this title or imprisonment for not more than six months, or both, or if the victim of the assault is an individual who has not attained the age of 16 years, by fine under this title or imprisonment for not more than 1 year, or both.*

   C. *36 CFR § 2.31 (a) (3):*

   *Trespassing, tampering and vandalism:*

*The following are prohibited: (3) Vandalism. Destroying, injuring, defacing, or damaging property or real property.*

    D.  *36 CFR § 2.35 (c):*

*Alcoholic beverages and controlled substances.*

*Presence in a park area when under the influence of alcohol or a controlled substance to a degree that may endanger oneself or another person, or damage property or park resources, is prohibited.*

## PROBABLE CAUSE

6. On November 4th, 2023, at approximately 9:04 P.M., NPS LEO's were dispatched to a verbal altercation involving a male, later identified as "T.J.W.", and a female, later identified as Valley, at Curry Village Tent Cabin 517 in Yosemite Valley, California. Officers Stephany Hesse, Christian Del Pozzo, Zach McComb, Ian Rippetoe, Christopher Dell Isola, Special Agent Cullen Tucker and I, Officer Nicholas Sullens, responded to investigate this verbal altercation. This altercation was described as a male and a female yelling obscenities at each other.

7. At approximately 9:15 P.M. Officer Hesse located T.J.W. and Valley in the Curry Village Parking lot, near the Curry Village Mountain Shop. T.J.W. flagged Officer Hesse down asking for assistance. Valley approached Officer Hesse and began to speak with her. Valley was distraught and crying. Officer Hesse separated T.J.W. and Valley and began to investigate why they were arguing. Officer Hesse conducted a preliminary interview of Valley.

8.  Valley reported to Officer Hesse that her boyfriend of nine months, T.J.W. and her had been arguing throughout the day. Valley stated that they began arguing earlier in the day because she did not want to go on a hike. At some point T.J.W. locked himself in his car. Valley stated, "I went crazy from that" in reference to T.J.W. locking himself in his car. Valley admitted to consuming alcohol, starting at approximately 12:00 P.M. Valley said she had been consuming Coors Light beer.

9.  Valley stated approximately 15 minutes prior to being contacted by Officer Hesse, she and T.J.W. were at their rented tent cabin, tent cabin # 517. She and T.J.W. were arguing outside of cabin #517. Valley stated she was attempting to ride T.J.W.'s bicycle. T.J.W. prevented Valley from riding his bicycle. Valley stated that bystanders were telling T.J.W., "To call 911". Valley admitted during this argument that she shoved T.J.W. Valley admitted she, "pushed the door off the hinges… out of rage" referencing the door to cabin #517. Valley stated that she would pay for the damage to the door.

10.  When questioned about any violence that occurred between T.J.W. and Valley, Valley stated that "I pushed him". When Officer Hesse was speaking to Valley, she smelled the strong odor of alcoholic beverage emanating from Valley. She observed Valley's lips were stained a purple color. Valley stated that she had been five years sober and T.J.W. believed Valley was an alcoholic. Officer Hesse observed abrasions on Valley's hands.

11.  While Officer Hesse was interviewing Valley, Officer Del Pozzo and I interviewed T.J.W. T.J.W. stated immediately, "My girlfriend started hitting me and that is where I drew the line. She is drunk…. She has been like that since the afternoon" (referencing Valley as his girlfriend). We then interviewed T.J.W. T.J.W. stated he and Valley began to consume

alcohol at about 12:00 P.M. T.J.W. stated they began arguing earlier in the day due to wanting to go on a hike after Valley returned from a scooter ride. At some point during this argument, T.J.W. walked away from Valley to his car in the parking lot and sat in his car. Valley found him in the car. She then threw his scooter at his car and began striking the car.

12. T.J.W. locked himself in the car because she was "acting crazy." Valley reached into the car and grabbed T.J.W.'s cell phone and cell phone charger cord. T.J.W. stated Valley left him in his car. He suspected Valley then went directly to the Curry Village Bar and began to consume alcohol. At some point after Valley left him in his car, T.J.W. returned to tent cabin #517.

13. When T.J.W. was at cabin # 517, Valley returned. While outside of cabin # 517, T.J.W. and Valley started arguing. Valley was trying to take T.J.W.'s bicycle and T.J.W. prevented her from doing so.  At some point, Valley was upset and outside of cabin # 517. Valley kicked down the door to cabin # 517. T.J.W. stated that, "She knocked the door off the hinges, it's completely unhinged".

14.  When questioned about any violence that occurred, T.J.W stated that, "She punched me in the throat earlier, she smacked me with her purse right now… she's been threatening me…she kicked me in the stomach, she knocked the wind out of me…she just turns into a totally different person." Later, T.J.W. complained of stomach pain to Officer Del Pozzo. Officer Del Pozzo and I observed a small scratch on T.J.W.'s right pinky finger and a small amount what appeared to be dried blood on T.J.W.'s right pinky finger knuckles.

15. T.J.W. admitted to consuming alcohol that day. He did not appear to be under the influence of alcohol. T.J.W. stated Valley had consumed "a couple beers", a hard Kombucha cocktail, a cocktail at the Curry Village Bar and ¾ of a 750 ml bottle of red wine throughout the day.

16. While Officers were interviewing T.J.W. and Valley, D.M., an uninvolved party, approached Officer Rippetoe. D.M. stated he observed T.J.W. and Valley arguing outside of cabin # 517 at about 5:10 P.M. D.M. believed T.J.W. and Valley were arguing over a bicycle. D.M. approached them.  He stood about three feet from Valley. He smelled an odor of alcohol about Valley. He witnessed Valley screaming at T.J.W., who was preventing Valley from riding away on the bicycle. Valley then struck T.J.W. with a closed fist three times on his head. This interaction lasted about two minutes. Valley then walked away and T.J.W. followed her on the bicycle. D.M.reported the door to cabin # 517 had been forced off the hinges and was resting against the side of the tent.

17. Based upon my investigation, I placed Valley under arrest. Valley refused to provide a sample of her breath for breath alcohol testing.

18. Based on my investigation, including the statements of the victim and suspect that they are boyfriend and girlfriend and the observations of agents at the scene, I believe Valley and T.J.W. to be in a dating relationship within the meaning of 18 U.S.C. § 2266(10).

19. At about 10: 45 PM. Officer McComb and Officer Del Pozzo went to cabin # 517. They observed the door to the cabin lying on the ground near the right side of the cabin. The door is made of wood with a mesh screen. The top left portion of the door was snapped. This door is owned by the Yosemite Hospitality Corporation, who operates the Curry Village tent cabins and rents them for visitors to Yosemite National Park. The door was broken consistent with T.J.W's statements in para. 13 and Valley's admission in para. 9, above.

20. While at tent cabin # 517 with T.J.W., Officer Del Pozzo observed an empty ½ pint sized bottle of Hennessy liquor, two to three empty 16 oz cans of Rolling Rock beer and two empty cans of Hard Kombucha in the trash can. He observed a ¾ empty 750 ml bottle of red wine on the floor near a bed. T.J.W. stated he only consumed the Rolling Rock beers. The interior of the tent cabin was in a state of disarray.

21. Valley was transported to the Yosemite Valley Ranger Station. While at the Ranger Station, I observed a small abrasion on Valley's right pinky finger knuckles.

## CONCLUSION

Based on the forgoing facts of this affidavit, I believe probable cause existed for the arrest of Valley for assaulting T.J.W., being under the influence of alcohol to the degree that endangered T.J.W. and for damaging tent cabin #517's door.

I declare under penalty of perjury under the laws of the United States that the forgoing is true and correct to the best of my knowledge.

Respectfully submitted,

*/s/ Nicholas Sullens*

Nicholas Patrick Sullens
United States Park Ranger
National Park Service

Sworn to me in accordance with Fed.R.Crim.P. 4.1 on _____11/6/2023_____:


_____

The Honorable Sheila K. Oberto
United States Magistrate Judge



Approved as to form by:

/s/ Robert L. Veneman-Hughes
ROBERT L. VENEMAN-HUGHES
Assistant United States Attorney